UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORENE JORDAN,

        Plaintiff,

vs.

TIM MENJOULET,

        Defendant.

_____/

Case No. 21-10643

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Dkt. 30) AND (2) GRANTING PLAINTIFF'S MOTION FOR THE COURT TO CONSIDER A CLARIFICATION OF MICHIGAN LAW (Dkt. 34)**

This matter is before the Court on Defendant Tim Menjoulet's motion for partial judgment on the pleadings (Dkt. 30).[1]  Plaintiff Dorene Jordan brought this action asserting claims based in (i) common law negligence and (ii) the Michigan Ski Area Safety Act, Mich. Comp. L. § 408.321 (SASA).  See Am. Compl. ¶¶ 12–22 (Dkt. 27).  These claims derive from Jordan's allegations that she was skiing when Menjoulet—who was snowboarding downhill "at a high rate of speed"—hit Jordan from behind.  Id. ¶¶ 8–9.

Menjoulet contends that he is entitled to judgment on Jordan's negligence claim because the SASA has preempted claims in common law torts that relate to skiing collisions.  Mot. for Partial J. on Pleadings at 4–5.  Jordan filed a response (Dkt. 31), and Menjoulet filed a reply (Dkt. 32).  Jordan also filed a separate motion asking the Court to consider Payne v. Payne, No. 354057,

---

[1] Menjoulet identifies his motion as one for partial summary judgment on the pleadings, but he moves for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and for judgment on the pleadings, Fed. R. Civ. P. 12(c).  Because Menjoulet filed an answer to Jordan's complaint, Menjoulet's motion is properly viewed as a motion for partial judgment on the pleadings under Rule 12(c), and so the Court analyzes Menjoulet's motion as such.

1

2021 WL 3233594 (Mich. Ct. App. July 29, 2021), which was released following completion of the parties' briefing (Dkt. 34).  Menjoulet filed a response (Dkt. 35).[2]  For the reasons that follow, the Court grants Menjoulet's motion for partial judgment on the pleadings, and it grants Jordan's motion that the Court take <u>Payne</u>, No. 354057, 2021 WL 3233594 into consideration.[3]

## I.  ANALYSIS

The Michigan Legislature enacted the SASA to "set[] out the rights, duties, and liability of skiers," <u>Rusnak v. Walker</u>, 729 N.W.2d 542, 545 (Mich. Ct. App. 2006), and to "address certain liability issues associated with snow skiing, including collisions between skiers," <u>id.</u> at 544.[4]  The statute explicitly provides a liability framework for collisions between skiers; the SASA states that each participant in the sport of skiing "accepts the dangers that inhere in that sport insofar as the dangers are obvious and necessary," which dangers include "collisions with . . . other skiers." Mich. Comp. L. § 408.342(2).  The statute also identifies certain affirmative duties owed by skiers, <u>see</u>  Mich. Comp. L. § 408.341(1), and provides for liability against skiers who violate those duties, <u>see</u> Mich. Comp. L. § 408.344.

Menjoulet argues that the SASA has removed actions relating to skiing collisions from the field of common law torts.  <u>See</u> Mot. for Partial J. on Pleadings at 4–5.  His argument relies in

---

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing.  <u>See</u> E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

[3] When a court reviews a motion for judgment on the pleadings under Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  <u>Fritz v. Charter Tp. of Comstock</u>, 592 F.3d 718, 722 (6th Cir. 2010) (punctuation modified).  In addition, a federal court presiding over a diversity action applies state law in accordance with the controlling decisions of the state supreme court.  <u>Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.</u>, 249 F.3d 450, 454 (6th Cir. 2001).  Accordingly, this Court looks to Michigan state law as interpreted by the Michigan Supreme Court to determine whether Menjoulet is clearly entitled to judgment on Jordan's allegations of negligence.

[4] The SASA defines "skier" to include a snowboarder.  Mich. Comp. L. §408.322(g).

large part on <u>Anderson v. Pine Knob Ski Resort, Inc.</u>, 664 N.W.2d 756 (Mich. 2003).  <u>Anderson</u>

concerned a skier who collided with a shack at the bottom of a ski slope and brought a suit in

negligence against the ski resort.  <u>Id.</u> at 758.  The court determined that the SASA governed the

skier's claims and disallowed liability for the resort because any hazard caused by the shack (i)

"inhere[d] in the sport" and (ii) was both "necessary" and "obvious."  <u>Id.</u> at 759–760 (citing Mich.

Comp. L. § 408.342(2)).  The court declined to analyze the "reasonableness" of the shack's

placement, noting: "the Legislature has indicated that matters of this sort are to be removed from

the common-law arena, and it simply falls to us to enforce the statute as written."  <u>Id.</u> at 760.  The

court further explained: "as this matter is fully resolved by reference to the SASA, we need not

consider whether defendant retains a duty under common-law premises liability."  <u>Id.</u>  Menjoulet

concludes that Jordan's allegations—like those of the plaintiff in <u>Anderson</u>—are "fully resolved

by reference to the SASA," and so Jordan has no claim in common law torts under Michigan law.

Mot. for Partial J. on Pleadings at 5.

Jordan disagrees, arguing that "the Michigan Supreme Court in <u>Anderson</u>

<u>declined to decide</u> whether a defendant ski resort, 'retains a duty under common-law.'"  Resp. to

Mot. for Partial J. on Pleadings at 4 (quoting <u>Anderson</u>, 664 N.W.2d at 760) (emphasis added).

Jordan also finds <u>Anderson</u> "completely distinguishable" from her case because <u>Anderson</u>

involved a suit against a ski resort, not another skier.  <u>Id</u>.

Menjoulet has the better read of the caselaw.  Although the <u>Anderson</u> court's statement

that it "need not consider" common law duties may in isolation suggest ambiguity as to whether

the common law is applicable to skiing collisions, 664 N.W.2d at 760, the court's footnote at the

end of this very sentence makes clear the court's holding that the SASA preempts the common

law in this area.  In that footnote, the court disagreed with the dissent's analysis applying

3

"common-law premises-liability doctrines," stating: "This whole approach is off-target because the common law no longer controls once the Legislature enacts statutes that preempt it.  That has happened here."  Id. at 760 n.2 (citation omitted).  Anderson thus stands for the premise that the SASA has preempted the common law in regard to liability for ski collisions.

Even though Anderson concerned a suit against a resort instead of an individual, its logic extends easily to the case before the Court.  Jordan does not deny that the SASA applies to her allegations; to the contrary, she brings claims under that statute.  See Am. Compl. ¶¶ 18–22.  The Anderson court's analysis rested on one of the very provisions of the SASA that—on its face— appears to govern the facts alleged by Jordan.  See 664 N.W.2d at 759–760; Mich. Comp. L. § 408.342(2) (providing liability framework for "collisions with ski lift towers and their components, with other skiers, or with properly marked or plainly visible snow-making or snow-grooming equipment").  Anderson's holding, therefore, applies with equal force to Jordan's claims: by codifying the liability standard for ski collisions, "the Legislature has indicated that matters of this sort are to be removed from the common-law arena," Anderson, 664 N.W.2d at 760, and so "the common law no longer controls," id. at 760 n.2.

The other cases cited by Menjoulet reinforce this interpretation of Michigan law.  In Rusnak, a conflict resolution panel for the Michigan Court of Appeals determined that a skier who collided with another skier was liable for violating duties imposed by the SASA (notwithstanding the statute's assumption-of-risk provision).  729 N.W.2d at 548.  Rusnak did not explicitly state that the SASA preempts common law claims for ski collisions, but this inference follows naturally from the court's holding that a defendant is liable only if he or she "violated one of the specific duties imposed by the SASA," id. at 546, as well as the court's observation that the "legislative purpose" for enacting the SASA was to establish a liability scheme by "placing many, but not all,

risks of skiing on the individual skiers," id. at 551.

Dicta in Ritchie-Gamester v. City of Berkley, 597 N.W.2d 517, 523 (Mich. 1999) point to the same conclusion. Analyzing liability for an ice-skating accident, the court noted that for certain other recreational activities—roller skating and skiing—the Legislature had modified the common law of torts. Id. at 523, 523 n.7.

Jordan is unable to identify Michigan caselaw counseling the opposite conclusion. She instead cites cases concerning the liability standards for recreational activities other than skiing. See Bertin v. Mann, 918 N.W.2d 707 (Mich. 2018) (applying reckless-misconduct standard to incident involving golf cart accident); Payne, 2021 WL 3233594, at *9 (applying reckless-misconduct standard to hunting-related firearms accident).[5] These cases have no bearing on an area where the Michigan Legislature has spoken directly to the applicable liability standard, as it has done for skiing collisions.

## II. CONCLUSION

Jordan may have a claim against Menjoulet, but she must rely on the liability standard established by the Michigan Legislature, not the common law scheme that the Michigan Legislature preempted. For the reasons explained above, the Court grants Menjoulet's motion for partial judgment on the pleadings (Dkt. 30). The Court also grants Jordan's motion requesting that the Court consider Payne in making this determination (Dkt. 34).

SO ORDERED.

Dated: November 18, 2021                          s/Mark A. Goldsmith
       Detroit, Michigan                          MARK A. GOLDSMITH
                                                  United States District Judge

---

[5] The Court grants Jordan's motion that the Court take this case into consideration, but as explained, this opinion does not concern the liability standard for ski collisions, and so it is not relevant to the matter before the Court.